IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**KEITH FREDRICK OTT,**

    Petitioner,

v.                                               Case No. 3:23cv8970-LC/MAF

**RICKY DIXON, Secretary,
Department of Corrections,**

    Respondent.
_____/

## REPORT AND RECOMMENDATION

On April 21, 2023, Petitioner Keith Frederick Ott, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the execution of his sentence. ECF No. 1. He subsequently filed an amended § 2241 petition, with attachments. ECF No. 4. On August 16, 2023, Respondent filed a motion to dismiss the petition, with exhibits. ECF No. 7. Petitioner filed a reply on September 11, 2023. ECF No. 9.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the

disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show the petition should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural Background

Petitioner Keith Fredrick Ott challenges the calculation of his sentence by the Florida Department of Corrections (DOC). ECF No. 4 at 6. On June 16, 2022, the Circuit Court of Osceola County sentenced Ott to concurrent terms of 43 months in prison for one count of battery of a child (Count 5) and one count of child abuse (Count 6), both third degree felonies, following his admission to a violation of probation (VOP) in case number 2018-CF-4558. Exs. A, B.[1] The written sentence indicated the court directed 80 days credit for time served on Count 5 and 615 days credit for time served on Count 6. Ex. B at 6, 10-11.

On November 29, 2022, Ott's counsel filed an Unopposed Motion to Correct VOP Sentence on Count 5 Due to Apparent Scrivener's Error. ECF No. 4 at 7-9. That motion contains the following:

---

[1] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's motion to dismiss, ECF No. 7.

1. On June 16, 2022, the Defendant, Keith Fredrick Ott, was sentenced for battery of a child (count 5) and child abuse (count 6) after a violation of probation admission and admission agreement.

2. Mr. Ott was sentenced to 43 Months in the Department of Corrections, concurrently for counts 5 & 6 with all credit time served up to that point for each count, and his probation was revoked and terminated.

3. At the admission hearing the Clerk indicated that credit for time served for count 5 was 80 days *plus* 18 months. (The time served since the time of arrest on the violation of probation plus time previously served.)

4. This is reflected in the Credit Time Worksheet on line 149 of the Case Dockets (*See Attached as exhibit A*).

4. [sic] The credit for time served was also announced at the admission colloquy beginning at the 6 minute and 35 second mark of the admission hearing. At the hearing, the Credit time served for count 5 was announced as 66 days plus 18 Months. The Defense and the State announced to the court that there was a stipulation to 14 additional days, which the court accepted, making the Credit for time Served 80 days plus 18 months. At the end of the hearing, counsel for the defense requested that the clerk clarify for the Court the credit for count 5 for the record after the discussion and it was again confirmed that the credit would be 80 days plus 18 months.

5. The VOP Sentence however, that was signed by the Court on line 151 on the clerk website did not allocate the 80 days plus the 18 months as announced, but only the 80 days. (*See* attached as exhibit B.)

6. This was an apparent scrivener's error and the additional 18 months of credit was omitted in the paperwork. The Credit time served was to be 80 days *plus* 18 months or 627 days total.

7. The Undersigned has meet [sic] and conferred with the Assistant State Attorney for this matter . . . and the State does not object to this Motion.

Case No. 3:23cv8970-LC/MAF

>       WHEREFORE the Defendant respectfully moves this Honorable Court to enter an Order correcting the Order entered on June 16, 2022, and to reflect the agreed upon Credit time served for count 5, which should have been 80 days *plus* 18 months (627 days total), which was announced in open court during the VOP admission and agreed by all parties.

*Id*. at 7-8.  In an order dated December 7, 2022, the court granted Ott's motion and ordered that his VOP sentence "be corrected to reflect the agreed upon Credit time served for Count 5, which should have been 80 days plus 18 months (627 days)."  Ex. D at 3.  In an Amended Order rendered January 18, 2023, the court granted Ott's motion and directed that "the Defendant's VOP sentence be corrected to reflect the agreed upon Credit time served for Count 5, which should have been 80 days plus any time already served calculated by the Department of Corrections."  Ex. D at 2.  The corrected VOP sentence reflects, for Count 5, a term of 18 months with credit for 535 days of time served.  Ex. D at 4.

Ott disputed the amount of time with which he had been credited and filed administrative grievances with prison officials.  Ex. E at 11; *see id*. at 1-10.  On March 31, 2023, DOC denied relief, explaining that Ott had received all proper credit:

> On 6/16/2022 you were sentenced to 43 months with 80 days jail credit on count 5 and 43 months with 615 days jail credit on count 6, for Osceola County case 18-4558.

> . . . .
>
> The department can on [sic] apply credit as awarded by the Court, and as to count 5, [in the Amended Order entered January 18, 2023,] the court awarded 80 days plus time already served (which as to count 5 is 535 days), for 615 days total.
>
> Your release date of 3/02/2024 is correct based on the sentence imposed by the Court. Even if the Court were to award additional credit to count 5 as you feel you are entitled, your release date would not change as it would be controlled by count 6.

Ex. E at 12.

Thereafter, as indicated above, on April 21, 2023, Ott filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the execution of his sentence. ECF No. 1. He subsequently filed an amended § 2241 petition. ECF No. 4. Respondent filed a motion to dismiss the petition. ECF No. 7. Petitioner Ott filed a reply. ECF No. 9.

## Analysis

Ott is a state prisoner challenged the execution of his state sentence. Thus, his habeas petition is governed by both 28 U.S.C. § 2254 and 28 U.S.C. § 2241. *See* Thomas v. Crosby, 371 F.3d 782, 787 (11th Cir. 2004); Medberry v. Crosby, 351 F.3d 1049, 1053-54 (11th Cir. 2003). Notably, as of today's date, according to information on the DOC website, Ott's "current release date" is December 23, 2023. *See* https://fdc.myflorida.com/offender.

Pursuant to 28 U.S.C. § 2254, a federal application for writ of habeas corpus "shall not be granted unless it appears that" the applicant "has exhausted the remedies available in the courts of the State. 28 U.S.C. § 2254(b)(1)(A). The statute provides that an applicant has not exhausted state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). To properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). It is well settled that, absent extraordinary circumstances, a federal court will not decide the merits of § 2254 claims until the claims have been exhausted in state court. 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509 (1982); Picard v. Conner, 404 U.S. 270, 275 (1971). *Cf.* Santiago–Lugo v. Warden, 785 F.3d 467, 474-75 (11th Cir. 2015) (holding § 2241 petitioner's failure to exhaust administrative remedies is not jurisdictional defect and explaining such exhaustion remains a requirement, "it's just not a jurisdictional one").

Where a state inmate challenges the calculation of the state sentence, to exhaust state remedies, the inmate must file the required administrative grievances and appeal the result to the Office of the Secretary of the

Department of Corrections. *See, e.g.*, Hoever v. Fla. Dep't of Corr., 156 So. 3d 543, 544 (Fla. 1st DCA 2015). "[O]nce a prisoner has exhausted administrative remedies, he or she generally may seek relief in an original proceeding filed in circuit court as an extraordinary writ petition." Bush v. State, 945 So. 2d 1207, 1210 (Fla. 2006); *see* Fla. R. App. P. 9.030(c). If the circuit court denies the petition, the inmate should then seek further review in the state district court of appeal by petition for writ of certiorari, pursuant to Florida Rule of Appellate Procedure 9.110 or 9.030. *See, e.g.*, Sheley v. Fla. Parole Comm'n, 703 So. 2d 1202, 1204 (Fla. 1st DCA 1997).

As Respondent argues, Petitioner Ott did not exhaust his available state court remedies before filing his federal habeas petition. Nothing indicates that Ott challenged the Department's denial of his grievance by proceeding in state circuit court. *See* ECF No. 7 at 7-8. In his reply, Ott does not appear to dispute this, asserting that "[t]his argument has no bearing on the instant motion." ECF No. 9 at 4.

In his reply, Ott also appears to contend that his administrative grievances were "at the State Court level" and "supplied to this Honorable Court as exhibits" with his petition. ECF No. 9 at 4. Nothing Ott has provided indicates he exhausted his state court remedies before filing his federal habeas petition. *See* ECF No. 4. Specifically, nothing indicates Ott sought

relief, following the DOC's denial of his grievances, by proceeding in the state circuit court and then, if denied there, appealing to the district court of appeal.

## Conclusion

Therefore, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 7, be **GRANTED**, and Petitioner Ott's amended § 2241 petition, ECF No. 4, be **DISMISSED**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability. The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The

parties shall make any argument as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 7) be **GRANTED** and the amended § 2241 petition (ECF No. 4) be **DISMISSED**. It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on November 3, 2023.

S/ Martin A. Fitzpatrick
MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed.

**R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>**.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**